5-24-0806 Ellen, if you are ready to proceed. You may do so and please identify yourself for the record. Good afternoon. May it please the Court, Counsel. My name is Nancy Vincent. I'm with the Office of the State Appellate Defender in Springfield. And I represent the appellant, Wilmer Robinson. Because of the limitation on time, I'm going to focus my argument on Argument 4. Mainly because the way or at the stage at which it presents itself to the Court is novel. The law around the signs of emerging adults is still developing. The law concerning what you do in mitigation in sentences is certainly not. But the convergence in this particular case is what is unique. And so really in sentencing, it's links in a chain. And the links here got broken pretty early on. So because Clonjure was over age 18 at the time of commission of the offenses, he was subject to the mandatory life term because of the number of victims. So his only defense to a mandatory life sentence was a constitutional as-applied challenge to his sentence, which the law allows him to do regardless of the length of the sentence. An as-applied challenge necessarily requires a showing particularized to Clonjure that a statute that requires a mandatory life sentence for someone who is an emerging adult is unconstitutional as it applies to him. And it has to be particularized to his facts, his circumstances, his mental stages at the time of the commission of the offense and going forward. You have to be able to apply the science to the facts. And that's what defense counsel was trying to do when she requested funds for an expert. She's doing the investigation necessary to present the only defense he had to a mandatory life sentence. Only then could she have argued, pursuant to the law and science of emerging adults, that the mandatory life sentence was unconstitutional as applied to him. And the trial court didn't have a problem with any of that. The trial court stopped before she was even able to investigate the defense. The trial court essentially sentenced him to a mandatory life term when he denied the motion for funds for an expert. She requested the funds, and specifically saying because she's not an expert, she needs funds so that she can investigate the defense, and I think the term she used was possibly pursue that. She's investigating a defense. It's no different from requiring an expert for firearms or ballistics or arson or, you know, a psychiatric defense of some type. She needs an expert in order to tie the information together. And the trial court did not – the trial court knew what she was doing. And the reason the trial court denied the motion was because in the trial court's determination that was a job for the legislature and the Supreme Court. The trial court was not specific about what Supreme Court he meant. But, in other words, he just kicked the can. Rather than entertain the motion, he just said, you know, that's somebody else's job. So, essentially, Clonjure was hamstrung in the only defense he had to a mandatory life sentence. And there are a couple of cases, and the state cited them in their brief. And I do want to talk a little bit about those because they are distinguishable on the law and on their facts. You know, for starters, they're only orders, not opinions. So they're only persuasive. And the reason for that is probably that the emerging adult and so forth is relatively new. But they're also not on point because they both deal with requests for funds after a resentencing. Here we have the initial sentencing. So one of the reasons that both Ariadna and Lindsey were denied was that there was a wealth of information already from the initial sentencing. And then in the interim period where the individual had – until he had been resentenced. So one of the reasons that both the courts in Ariadna and Lindsey denied it was because to their way of thinking, it wasn't necessary because there was plenty of information. And the judges in both of those cases asked specifically what trial counselor, in that particular case probably post-conviction counsel, was trying to do and said that, you know, it wasn't necessary for them because of all of the information they had. The problem that Clonjure had is there isn't a whole lot of information. What little we know about Clonjure basically comes from PSI and a little bit from sentencing. But the problem is that this is the initial sentencing. So this was his attempt at a defense instead of a resentencing pursuant to an unconstitutional sentence under Miller. That's the problem. That's why she needed the funds for the expert. And I would point out for the record that Ariadna makes this clear. They said that unlike an initial sentencing hearing, so they distinguished their ruling from what occurs with an initial sentencing hearing. The trial court in that case in Ariadna did not have to speculate at a new sentencing hearing how he might have had rehabilitative potential. The difference here with Clonjure is that that's exactly what they had to do, speculate as to his rehabilitative potential because they didn't have the information necessary because she needed the funds to do the background and get the expert and tie those two together. Yes, you have the law on emerging adults. Yes, you have the information, what little we know from this record. But you need that nexus, that one person that can apply this to this and put it together for the court so that the court had the information necessary to make the sentencing decisions. And in conclusion, Clonjure was denied the only defense he had. He could not establish his defense because he did not have the funds to investigate that very defense. So we would request that the court reverse and remand for a new sentencing hearing with the ability to seek out the defense. An expert to present his defense. Any questions? No. Okay, thank you. That lady may proceed and please identify yourself for the record. Good afternoon, Your Honors. May it please the court. My name is Claire Russell-McConnelly. I'm a staff attorney with the Illinois State's Attorney Appellate Prosecutors and I am here on behalf of the people of the state of Illinois. Counsel, the trial court's decision in this case to deny defendant his motion to request funds for a mitigation expert was appropriate in this case. What defense counsel is failing to recognize in this case is what defendant had to show. And what he has to show now is that the request for the mitigation expert was crucial to his defense. So in this case, all the defendant stated in his motion was that he was 18 years old and he did not provide the name of an expert or an estimated cost in this case. Defense counsel merely sought funds for, quote, the developing state of case law regarding childhood brain development. And in this case, it's not crucial. And the distinction in this case is it has to be shown that it's crucial. It's not enough to show that it was useful, helpful, valuable, or even important to the defense. It has to be crucial. And in this case, it's not crucial. Now, I will say that in most of these cases, it's typically this kind of issue raises in a post-conviction setting, in which the defendant makes an as-applied constitutional challenge after he's already been sentenced to a term of, in this case, would be mandatory natural life. And he raises this. And most importantly, it's usually in a case in which there's a claim of ineffective assistance of counsel for failing to present the testimony. So in those kind of cases, and in a multitude of cases in the trial court level, defendants have the opportunity to develop this as-applied constitutional challenge without the assistance of a mitigation expert. You do not need a mitigation expert in this case or in any case in order to successfully raise an as-applied constitutional challenge to his mandatory sentence. The defendant in this case even had his own mother testify. Counsel could have asked the defendant's mother about his upbringing but not had any psychiatric issues, a multitude of questions that could have been raised in this case. There could be school records. There could have been newspaper articles. There's a multitude of things, in particular, that have been utilized in the post-conviction setting to support such a claim. And none of that evidence was presented at the sentencing hearing. They're suggesting that the sole way that they could have raised this as-applied constitutional challenge is by having a mitigation expert testify in this case, and that's simply not true. And as counsel stated, we have those two cases from Lindsey and Arianna. Those are, again, cases in which there was already a sentencing hearing held. I accept those. But I think both of those cases stand for the proposition that you do not need to have a mitigation expert called in every case in which the defendant asked for such an expert. And it's also important to recognize that in this case that once the sentencing hearing was held, defense counsel merely accepted the fact that this was a mandatory natural life sentence. And he conceded that the defendant had to be sentenced to a mandatory natural life. Counsel had that opportunity to present it and then ended up conceding. And now he's claiming that, oh, well, that the trial court erred in denying his request. But you have to look at what he ended up doing at the end of the case. And in the reply brief, defense counsel brings up a claim of ineffective assistance of counsel. Neither prong of the Strickland standard can be established in this case. The defendant can't establish the deficiency prong in this case because he cannot establish that an expert would have testified in support of defendant's theory in this case. And he can't establish prejudice because he can't establish there's a reasonable probability that there would have been a different outcome. The different outcome would have been he was not sentenced to a term of mandatory natural life. So neither of those prongs of Strickland can be established in this case. And unless Your Honors have any questions. No? No questions. Thank you. Okay, thank you. People would respectfully request that this honorable court affirm the defendant's conviction and sentence in this case. Thank you. Very briefly. In this particular instance, having an expert would have been crucial. Because we don't have the information. What counsel said was that she needed to investigate the defense. She can't make an offer of proof because she doesn't know what it is. The best she can do is say I need this expert so that I can look into this, look into that. Like I said, it's no different from meeting an expert for a trial strategy or a trial defense. She doesn't really know what the outcome is going to be. But what you do need is an expert. And this isn't just developing mitigation evidence. That's not what this is. What the expert is designed to do is explain the concept of emerging adult in conjunction with the mitigation evidence. It's not just digging up mitigation and presenting it like you would in an ordinary sentencing. This is the use of an expert to explain the psychological nature of the emerging adult and how that would have applied to closure specifically. So, and yes, in the sentencing defense counsel does concede it's a mandatory life sentence because that's what the statute says. And once the motion for the funds was denied, that's exactly what the outcome was going to be. So it's not that she's waiving this or conceding that, you know, what she asked for wasn't appropriate. She's conceding the law, which is without the expert to establish the as-applied challenge, yeah, the sentence is a mandatory life sentence. And that's actually the prejudice of the whole thing. Without that expert, there's only one outcome. He didn't have the only defense he could have presented for a mandatory life sentence because the trial court, without really even giving it a whole lot of thought, denies it. And specifically what he said was, what he says is there is nothing in the defense's motion, and I'm not faulting you for that. I'm not sure there's any new information or new studies. And he's talking about specifically the studies. And then he just says, all they have left us in a situation where we are now where the law states that there's a mandatory sentence under these circumstances, and that's all they addressed. And then he says, so though I'm not saying this isn't an issue that should continue to be addressed by the legislature and the Supreme Court, it's not one that will be addressed here, and that's the basis for which he denied the motion. And that is just not the law. So if the court doesn't have any further questions. Thank you. All right. Thank you. Counsel, we will take this matter under advisement and issue a ruling in due course. Thank you.